UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CR-159-BO-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS ANTONIO BONNER | ) | INDICTMENT |
| | ) | |

The Grand Jury charges that:

## COUNT ONE

1. Beginning from a date unknown, but no later than on or about March 10, 2023, and continuing until at least on or about March 24, 2023, both dates being approximate and inclusive, in the Eastern District of North Carolina and elsewhere, the defendant, DENNIS ANTONIO BONNER, did knowingly and willfully combine, conspire, confederate, and agree with other persons, unknown to the Grand Jury, to commit offenses against the United States, that is:

   a. to knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution and to obtain any moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1344(1) and (2); and

b. to knowingly transfer, possess, and use, without lawful authority, a means of identification of another person in connection with any unlawful activity that constitutes a violation of Federal law and a felony under applicable state law, in violation of Title 18, United States Code, Section 1028(a)(7).

## Purpose of the Conspiracy

2. The purpose and object of the conspiracy was to defraud First National Bank, a financial institution as that term is defined in Title 18, United States Code, Sections 20(1) and (2), by unlawfully acquiring, possessing, and presenting the personal identifying information of victims, without the victims' knowledge or consent, in order to obtain money from the victims' First National Bank accounts.

## Manner and Means of the Conspiracy

The manner and means used to effect and accomplish the purpose and object of the conspiracy included, but was not limited to, the following:

3. BONNER, and an individual unknown to the Grand Jury, unlawfully acquired the personal identifying information (PII) of victims who held accounts at First National Bank, specifically victims identified by the initials R.C. and P.Z.

4. The conspirators used the victim PII to create and obtain fraudulent driver's licenses that contained each victim's information but included an image of BONNER.

5. BONNER communicated with at least one co-conspirator via cell phone messaging about the scheme. The information exchanged in these text messages

2

included victim PII such as social security number, date of birth, driver's license number, address, and bank account information, including the account number, limit, and balance.

6. BONNER entered multiple First National Bank branches in Pennsylvania and Maryland and presented and used the fraudulent or counterfeit driver's license and other victim PII and information to withdraw and attempt to withdraw cash from the account of victim R.C.

7. BONNER entered the First National Bank branch in Nags Head, North Carolina and presented and used the fraudulent and counterfeit driver's license and other victim PII and information in an attempt to obtain cash from the account of victim P.Z.

## Overt Acts

In furtherance of the conspiracy, and to achieve the unlawful objects thereof, the following overt acts, among others, were committed in the Eastern District of North Carolina and elsewhere:

8. On a date unknown, but no later than on or about March 17, 2023, BONNER fraudulently obtained and possessed a fraudulent Virginia driver's license using the PII of a victim whose initials were R.C.

9. On a date unknown, but no later than on or about March 24, 2023, BONNER fraudulently obtained and possessed a fraudulent Pennsylvania driver's license using the PII of a victim whose initials were P.Z.

10. On or about March 17, 2023, at a First National Bank branch in Wilkes Barre, Pennsylvania, BONNER presented and used R.C.'s identity to withdraw $4,000.00 from R.C.'s First National Bank Account.

11. On or about March 18, 2023, at a First National Bank branch in Harrisburg, Pennsylvania, BONNER presented and used R.C.'s identity to withdraw $4,000.00 from R.C.'s First National Bank Account.

12. On or about March 23, 2023, at a First National Bank branch in Rising Sun, Maryland, BONNER presented and used R.C.'s identity in an attempt to withdraw $8,000.00 from R.C.'s First National Bank account.

13. On or about March 24, 2023, at a First National Bank branch in Nags Head, North Carolina, BONNER presented and used P.Z.'s identity in an attempt to withdraw $20,000.00 from P.Z.'s First National Bank account.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

14. The allegations contained in Paragraphs 2 through 13 are realleged and incorporated as though fully set forth in this count.

15. On or about March 24, 2023, in the Eastern District of North Carolina, defendant DENNIS ANTONIO BONNER, did knowingly attempt to execute a scheme and artifice (1) to defraud a financial institution; and (2) to obtain moneys, funds, credits, asset, securities, or other property owned by, or under the custody or control of First National Bank, a federally insured financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, $20,000

4

from the account of P.Z., from the First National Bank branch in Nags Head, North Carolina, in violation of Title 18, United States Code, Sections 1344(1) and (2) and 1349.

## COUNT THREE

16. The allegations contained in Paragraphs 2 through 15 are realleged and incorporated as though fully set forth in this count.

17. On or about March 24, 2023, in the Eastern District of North Carolina and elsewhere, the defendant, DENNIS ANTONIO BONNER, did knowingly possess and use, without lawful authority, a means of identification of victim P.Z., to include the name, date of birth, and driver's license number, during and in relation to the crime set forth in Count Two of this Indictment, a felony violation enumerated in 18 U.S.C. § 1028A(c), knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any violation of, or conspiracy to violate, Section(s) 215, 656, 657, 1006, 1007, 1014, 1341, 1343, or 1344 of Title 18 of the United States Code affecting a financial institution, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation.

The forfeitable property includes, but is not limited to, the following:

5

Forfeiture Money Judgment:

a) A sum of money representing the gross proceeds of the offense(s) charged herein against DENNIS ANTONIO BONNER, in the amount of at least $38,000.00

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

Date: 5-16-2023

MICHAEL F. EASLEY, JR.
United States Attorney

_____
KAREN K. HAUGHTON
Assistant United States Attorney
Criminal Division